## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| DONALD VITOUX, | |
| Plaintiff, | |
| v. | No. |
| LOWE'S HOME CENTERS, LLC and GALLAGHER ASPHALT CORPORATION, | |
| Defendants. | |

_____

## NOTICE OF REMOVAL
_____

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Gallagher Asphalt Corporation, ("Gallagher"), with the consent of Defendant Lowe's Home Centers, LLC, hereby removes Cause No. 45D11-2009-CT-000945, pending in the Lake County Superior Court, Indiana, to the United States District Court for the Northern District of Indiana, Hammond Division, on the basis of federal diversity jurisdiction under 28 U.S.C. § 1332:

### I. INTRODUCTION

1.      On September 22, 2020, Plaintiff commenced an action in the Lake County Superior Court, Indiana, entitled "*Donald Vitoux v. Lowe's Home Centers, LLC and Gallagher Asphalt Corporation*," as Cause No. 45D11-2009-CT-000945.  In his Complaint, Plaintiff alleges a cause of action for negligence against Defendants, Lowe's Home Centers, LLC and Gallagher. (*See* Plaintiff's Complaint for Damages and Jury Demand, attached hereto as Exhibit "A").

2.      On September 25, 2020, Gallagher was served with summons and received a copy of the Complaint.  (*See* Summons and Return of Service, attached hereto as Exhibit "B").

3.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed.

1

4.      As demonstrated below, this Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441, because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      Venue is proper in the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1446(a) because this district embraces the place in which the removed action is pending.

6.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits filed in Lake County Superior Court Cause No. 45D11-2009-CT-000945 are appended to this Notice as Exhibit "C" (excluding Plaintiff's Complaint for Damages and Jury Demand, which is previously attached as Exhibit "A" and the Summons and Return of Service previously attached as Exhibit "B").

7.      Written notice of the filing of this Notice of Removal will be promptly served on counsel for Plaintiff and Defendant Lowe's Home Centers, LLC and filed promptly with the Lake County Superior Court, Indiana, pursuant to 28 U.S.C. § 1446(d).

## II.  DIVERSITY OF CITIZENSHIP EXISTS

8.      Under 28 U.S.C. § 1332(a)(1), diversity of citizenship exists because Plaintiff and Defendants are citizens of different states.  Diversity must be present both at the time the case was filed and when it is removed.  *Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citing *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)).

### A.      Plaintiff is a Citizen of Indiana.

9.      For purposes of federal diversity jurisdiction, the state citizenship of a natural person is determined by the state where the person is domiciled, meaning the state where the person

is physically present with the intent to remain there.  *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993).

10.     In this case, Plaintiff, a natural person, alleges that he is a citizen and resident of Indiana.  (*See* Exhibit. A, ¶ 1).

### B.     Defendants are not Citizens of Indiana.

11.     For purposes of federal diversity jurisdiction, the citizenship of a corporation is the state where the corporation is incorporated and the state where the corporation has its principal place of business, meaning the state where the corporation maintains its headquarters or "nerve center."  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010).

12.     At the time of the commencement of this action Gallagher was not, and is not, a citizen of the State of Indiana.  Gallagher is a corporation that is incorporated in the State of Delaware and maintains its headquarters and principal place of business in the State of Illinois. (*See* Affidavit of Dan Gallagher, attached hereto as Exhibit "D").

13.     For purposes of federal diversity jurisdiction, the citizenship of a limited liability company is the citizenship of each of its members.  *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

14.     At the time of the commencement of this action Lowe's Home Centers, LLC was not, and is not, a citizen of the State of Indiana, being a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business in North Carolina.  Lowe's Home Centers, LLC is a manager-managed LLC with a single member, Lowe's Companies, Inc.  Lowe's Company, Inc. is a North Carolina foreign corporation with its principal place of business in North Carolina.

### III.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15.     Federal diversity jurisdiction also requires that an amount in excess of $75,000, exclusive of interest and costs, be in controversy.  *See* 28 U.S.C. § 1332(a).

16.     In his Complaint, Plaintiff does not plead damages in an amount certain.  (*See* Exhibit "A").

17.     Courts recognize that it is difficult to demonstrate the amount-in-controversy with any specificity where a plaintiff is not required by the state rules of procedure to plead damages in an amount certain.  *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).  When a complaint does not state the amount in controversy, statements regarding severe and permanent injuries demonstrate that the amount in controversy exceeds $75,000.  *See, e.g. Campbell v. Bayou Steel Corp.*, 338 F.Supp.2d 896, 901 (N.D. Ill. 2004); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).  "Indeed, courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount."  *McCoy v. GMC*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) (collecting cases).

18.     In the negligence action at issue in *Campbell*, the court held that the defendants untimely removed the action after the plaintiff's deposition and reasoned that the defendants could have ascertained that the plaintiff would incur at least $75,000 in medical bills where the complaint stated that the plaintiff "suffered severe and permanent injuries, and was forced to, and will continue to seek extensive medical treatment in an attempt to be healed and cured of his maladies." *Campbell*, 338 F.Supp.2d at 902-03.

19.     In *McCoy*, the court found that removability regarding the amount in controversy was obvious from the complaint's allegations because the plaintiffs alleged that they suffered:

> 'lasting and permanent injuries' and incurred bills related to 'medical, surgical, hospital, and nursing care for their injuries' as well as 'lost wages and profits which they otherwise would have earned and acquired'…'severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income,  medical expenses, loss of normal life, disfigurement and paralysis.'

*McCoy*, 226 F.Supp.2d at 941.  The court stated that "these statements should sound warning bells in defendants' ears that significant damages are sought."  *Id.*

20.     In *Andrews*, a negligence personal injury action, the Seventh Circuit held that the defendant corporation established by a preponderance of the evidence that the amount in controversy exceeded $75,000, reasoning that the plaintiff alleged in his complaint that he suffered "severe and permanent" injuries and sought damages for pain and suffering, past and future lost wages, past and future medical expenses, and disabilities suffered.  *Andrews*, 447 F.3d at 515.

21.     In his Complaint, Plaintiff alleges that he was "severely and permanently" injured, suffered physical and mental pain, and continues to suffer from the alleged injuries.  (*See* Exhibit "A," ¶¶ 8, 12).

22.     Additionally, prior to filing this Notice of Removal, undersigned counsel spoke to Plaintiff's counsel and inquired about the nature of Plaintiff's injuries.  Plaintiff's counsel advised that Plaintiff had a serious neck injury, was still suffering from pain and is still receiving treatment in the form of ongoing injections in his neck.  Plaintiff's counsel was aware that the Defendants' counsel in the matter would attempt to remove the case given the injury and the amount in controversy and that the matter would likely be removed to Federal Court.  (*See* Affidavit of Mark C. Galasso, attached hereto as Exhibit "E").

23.     Accordingly, Plaintiff's allegations, combined with his attorney's representations, demonstrate that the amount in controversy exceeds $75,000.00.

WHEREFORE, Defendant, Gallagher Asphalt Corporation, prays that this action be removed to the United States District Court for the Northern District of Indiana, Hammond Division.

Respectfully submitted,

TRIBLER ORPETT & MEYER, P.C.

s/ Mark C. Galasso
One of the attorneys for Defendant, Gallagher
Asphalt Corporation

Mark C. Galasso
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 2550
Chicago, Illinois 60606
Phone: (312) 201-6400
Fax: (312) 201-6401
mcgalasso@tribler.com