45D11-2009-CT-000945
Filed: 9/22/2020 12:00 PM
Clerk
Lake County, Indiana
Lake Superior Court, Civil Division
USDC IN/ND case 2:20-cv-00382-TLS-JPK   document 3   filed 09/22/20   page 1 of 4

STATE OF INDIANA     )
                     )SS:
COUNTY OF LAKE       )

DONALD VITOUX,                          )
                                        )
    Plaintiffs,                         )
vs                                      )     CAUSE NO:
                                        )
LOWE'S HOME CENTERS, LLC AND            )
GALLAGHER ASPHALT CORPORATION,          )
                                        )
    Defendants.                         )

## COMPLAINT FOR DAMAGES AND JURY DEMAND

## COUNT I

Plaintiff, Donald Vitoux, by counsel Kevin W. Marshall, for Count I of his claim, states:

1. Plaintiff, Donald Vitoux (Don) is a citizen and resident of Lake County, Indiana.

2. Lowe's Home Centers, LLC is a foreign limited liability company with its resident agent in Indianapolis, Marion County, Indiana.

3. Gallagher Asphalt Corporation is a foreign corporation with its resident agent in Indianapolis, Marion County, Indiana.

4. Jurisdiction is based on the place of the construction-related injury at Lowe's Merrillville, at 1520 E 79th Ave, Merrillville, Indiana, Lake County, Indiana.

5. On or about November 16, 2018, at about noon, Don walked through the parking lot toward Lowe's entrance to shop.

6. While Don walked in the parking lot, Don suddenly and without warning, stubbed his toe on an uneven and unnoticeable rise in the blacktop, causing Don to fall

face forward, injuring Don's right knee, hands and aggravating Don's neck causing injuries.

7. Lowe's negligence includes Lowe's:

   a. Failed to maintain their property reasonably;

   b. Failed to have enough employees to maintain their property;

   c. Failed to supervise employees to maintain their property;

   d. Failed to warn guests of the potential danger of the uneven pavement;

   e. Failed to provide a safe means to enter Lowe's from the parking lot.

   f. Failed to inspect the blacktop for uneven pavement; and

   g. Failed to inspect the blacktop during construction so customers are safe when walking from their cars to Lowe's entrance.

   h. Failed to act reasonably in maintaining the blacktop.

8. As a direct and proximate result of Lowe's negligent conduct, the sudden rise in blacktop tripped Don Vitoux, severely and permanently injuring Don Vitoux.

WHEREFORE Plaintiff demands judgment against Defendant, Lowe's Home Center, LLC:

1. For reasonable compensatory damages;

2. For interest, including prejudgment interest and costs; and

3. For all other just and proper relief.

Respectfully Submitted By:

/s/Kevin W. Marshall
KEVIN W. MARSHALL #11624-71

## COUNT II

Plaintiff, Don Vitoux, by counsel Kevin W. Marshall, for Count II, states:

9. As part of Count II, Don restates and realleges paragraphs 1-8 of Count I as paragraphs 1-8 of Count II.

10. On or about November 16, 2018, Gallagher Asphalt Company negligently left an unmarked area with one recent patch of blacktop about an inch higher than the normal blacktop.

11. Gallagher Asphalt Company negligently:

   a. Failed to properly mark with construction cones or otherwise where the blacktop raised about an inch.
   b. Failed to properly inspect the blacktop project as it happened to keep customers safe during the construction;
   c. Failed to properly train construction staff to mark dangerous areas during construction that are tripping hazards;
   d. Failed to warn pedestrians, including Don, the parking lot near Lowe's contains newly created curbs or blacktop rises; and
   e. Failed to act reasonably under the circumstances.

12. As a direct and proximate result of Gallagher Asphalt Company's and Lowe's Home Centers, LLC's conduct, Don Vitoux suffered injuries, some of which are permanent, suffered physical and mental pain, and continues to suffer from the injuries.

WHEREFORE, Plaintiffs demands judgment against the Defendant, Gallagher Asphalt Company:

1. For reasonable compensatory damages;

2. For interest, including prejudgment interest and costs; and

3. For all other just and proper relief.

Respectfully submitted,

/s/Kevin W. Marshall
Kevin W. Marshall #11624-71
192 Bracken Parkway
Hobart, IN 46342
(219) 942-9700
kevinmarshallatlaw@comcast.net

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues of fact.

/s/Kevin W. Marshall
Kevin W. Marshall #11624-71

## **CERTIFICATE OF SERVICE**

I certify on September 22, 2020, I filed the foregoing using the Odyssey system that sent electronic service to any attorneys using Indiana's Odyssey filing system.

I further certify on September 22, 2020, I sent a copy of the summons, complaint, and appearance to the Defendants through their resident agents for service of process by certified United States Mail, postage prepaid, along with personal service if described in the summons.

By:/S/ Kevin W. Marshall
Kevin W. Marshall #11624-71
192 Bracken Parkway
Hobart, Indiana 46342
Kevinmarshallatlaw@comcast.net

4