UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DONALD VITOUX,<br>  Plaintiff,<br><br> v.<br><br>GALLAGHER ASPHALT CORPORATION<br>and LOWE'S HOME CENTERS, LLC,<br>  Defendants. | )<br>)<br>)<br>) CAUSE NO.: 2:20-CV-382-TLS-JPK<br>)<br>)<br>)<br>)<br>) |

### FINDINGS, REPORT, AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE PURSUANT TO
### 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on a Motion for Sanctions and Costs [DE 43]. Among other relief, Defendant Gallagher Asphalt Corporation ("Gallagher") requests dismissal of Plaintiff Donald Vitoux's complaint for failure to participate in discovery. This Report constitutes the undersigned's proposed findings and recommendations on the issue of dismissal, pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that District Court Judge Theresa L. Springmann deny the request for dismissal.

### BACKGROUND

Plaintiff Donald Vitoux alleges he suffered severe and permanent injuries after falling on uneven pavement in the parking lot of a Lowe's store. On October 5, 2021, Gallagher filed a motion to compel written discovery responses from Vitoux, arguing that Vitoux's initial responses, particularly concerning his medical history prior to the accident, were incomplete and evasive. [DE 26]. The Court granted the motion in part, ordered Vitoux to provide supplemental written responses, and ordered the parties to meet and confer as to the payment of reasonable expenses for the motion under Federal Rule of Civil Procedure 37. [DE 32]. At the next hearing, Gallagher indicated that Vitoux had not yet complied with the Court's order. Gallagher primarily objected to

the fact that Vitoux's answers referred to unspecified "historical surgeries," without explanation, and that Vitoux and counsel had not made a reasonable inquiry to find out what those surgeries were. Vitoux's counsel stated that his client did not remember the details of the surgeries, and that other than authorizing Gallagher to review his medical records, he was not obliged to make any further inquiry. The Court ordered the parties to confer further, and ordered that if agreement was not reached, Vitoux was to file a brief addressing this issue by February 24, 2022. [*See* DE 39].

Vitoux did not file a brief, but at a hearing on March 7, 2022, the parties indicated that the issue was not resolved. According to counsel for Gallagher, records obtained from third parties suggested the existence of additional surgeries and medical treatment not previously disclosed. Vitoux's counsel again argued that he had satisfied his discovery obligations by e-mailing certain records and providing authorizations for Defendants to obtain some of his other medical records. The Court ordered Vitoux to provide updated responses to the interrogatories. On April 7, 2022, Gallagher filed the instant motion seeking $4,366.00 in attorney fees and requesting dismissal of this action. [DE 43]. The motion indicated that Vitoux had still not properly supplemented his responses, and sought dismissal because the litigation "has been replete with Plaintiff's disregard of the discovery rules." [*Id*. ¶ 14].

On May 11, 2022, District Judge Theresa L. Springmann referred the motion to the undersigned for a Report and Recommendation. [DE 47].

## ANALYSIS

Because the request for dismissal was referred to the undersigned, the Court separately addresses that request. The request for attorney fees will be addressed in the coming weeks.

If a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including dismissal of the action or prohibiting the disobedient party from

2

introducing those matters into evidence. Fed. R. Civ. P. 37(b)(2)(A). The sanctions should be "proportionate to the circumstances" of the failure to comply. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996). Under either Rule 37(b) or the Court's inherent authority, the Court must find that Vitoux "acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake before it may choose dismissal as a sanction for discovery violations." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). While "there is no requirement for district courts to impose graduated sanctions, it is well settled in this circuit that the ultimate sanction of dismissal should be involved only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.'" *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003) (quotations and citations omitted).

The undersigned has carefully considered Gallagher's request for dismissal. Contrary to Vitoux's argument, Vitoux has not complied with his discovery obligations. Vitoux continues to assert that while he has never updated his interrogatory responses, he satisfied his obligations by e-mailing some records to counsel and authorizing counsel to access certain records from third parties on a piecemeal basis. Leaving aside the question of whether this satisfies his general discovery obligations, Vitoux had a separate obligation to supplement his initial responses "as ordered by the Court." Fed. R. Civ. P. 26(e)(1)(B); *see Hess v. Ameristep*, No. 06-3267, 2008 WL 4936726, at *3 (C.D. Ill. Nov. 17, 2008) ("[T]he Court ordered Hess in the January 17 Order to provide a supplemental report. Hess, therefore, had an obligation under Rule 26(e)(1)(B), and the January 17 Order, to provide a supplemental report. He did not do so."). Based on the ambiguity of Vitoux's initial responses, the fact that Vitoux and counsel had apparently declined to investigate their own records before making those responses, and the contradictory information that emerged from those records, the Court unambiguously ordered that Vitoux produce updated

3

*written responses*. [*See* DE 26 ("Plaintiff to provide supplemental written responses to interrogatories"); DE 42 ("Plaintiff to provide updated discovery responses to interrogatories by 3/17/2022")]. Vitoux, through counsel, ignored those orders.

Gallagher's motion requests dismissal without reference to any authority showing why these violations justify that extreme sanction rather than the lesser sanctions requested. [*See* DE 43]. This is perhaps an understandable effort to avoid expending additional resources. However, the entirety of the request for dismissal states:

> [t]hat due to the totality of the circumstances that this Court entertain sanctions pursuant to 37(b)(2)(A) and . . . dismiss the Plaintiff's action. This litigation has been replete with Plaintiff's disregard of the discovery rules and the prior orders of this Court and such a sanction is warranted here.

[*Id.*, ¶ 14].

The undersigned does not believe dismissal would be proportionate to the circumstances. Although the records have been slow in coming, it does appear that Vitoux is attempting to produce the needed information. His method of supplementation has been inefficient for all parties and for the Court, which bears heavily on Gallagher's request for fees, and on other potential sanctions short of dismissal. But it is not (yet) the case that these "other less drastic sanctions" have proven unavailable or ineffective. *Rice*, 333 F.3d at 785-86. As discussed above, while Vitoux might be dangerously approaching the extreme circumstances where dismissal is appropriate, he has not yet crossed that line. Moreover, "[t]his court is not obligated to construct arguments for the parties," *Bauers v. Bd. of Regents of Univ. of Wisconsin*, 33 F. App'x 812, 817 (7th Cir. 2002), and the relatively scant argument as to the appropriateness of dismissal further suggests a more modest sanction, such as attorneys' fees, is a more prudent step.

Even when a party's conduct has been "reprehensible . . . this Court will extend some grace to litigants acting in good faith under the theory that the Court prefers to decide cases on the

4

merits." *Buckley v. S.W.O.R.N. Prot. LLC*, No. 1:20-CV-357-HAB, 2022 WL 4598577, at *4 (N.D. Ind. Sept. 30, 2022) (citing *Boutros v. Avis Rent A Car Sys., LLC*, 802 F.3d 918, 924 (7th Cir. 2015)). The undersigned notes that, based on counsel's representations in the hearings thus far, the blame for these violations appears to fall on Vitoux's counsel, rather than Vitoux himself, at least for disregarding the court orders that followed the motion to compel. *See Ball v. City of Chicago*, 2 F.3d 752, 757 (7th Cir. 1993) (dismissal based on a lawyer's errors or omissions, as opposed to the plaintiff's, is "anomalous . . . [and] should induce caution"). Nonetheless, Vitoux is now on notice that in the undersigned's view, further violations would clearly justify dismissal. *See United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.*, 271 F.R.D. 487, 504 (N.D. Ind. 2010) ("[T]he court is hesitant to impose any harsher sanction . . . because the parties did not have prior notice that their misconduct could result in such sanctions. Now, the parties are given that notice.").

## CONCLUSION

Based on the foregoing, the Court hereby **RECOMMENDS** that Judge Springmann **DENY in part** the Motion for Sanctions and Costs [DE 43], by denying Gallagher's request for dismissal. The remainder of the motion, requesting payment of attorney fees and any "further relief this Court deems fair and just," will be addressed separately.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank*

5

*v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller,* 856 F.2d 902, 905 n.2 (7th Cir. 1988).

So ORDERED this 22nd day of February, 2023.

                                              s/ Joshua P. Kolar
                                              MAGISTRATE JUDGE JOSHUA P. KOLAR
                                              UNITED STATES DISTRICT COURT