UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DONALD VITOUX,<br>    Plaintiff,<br><br>    v.<br><br>GALLAGHER ASPHALT CORPORATION<br>and LOWE'S HOME CENTERS, LLC,<br>    Defendants. | )<br>)<br>)<br>)  CAUSE NO.: 2:20-CV-382-TLS-JPK<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Sanctions and Costs [DE 43]. Defendant Gallagher Asphalt Corporation ("Gallagher") requested sanctions, including dismissal of Plaintiff Donald Vitoux's complaint, for failure to participate in discovery. The undersigned previously recommended that Gallagher's request for dismissal be denied, and now considers Gallagher's request for an award of $4,366.00 in attorney fees. The Court grants the request, because those fees are reasonable expenses Gallagher incurred in filing his motion to compel and addressing Vitoux's failure to comply with the order granting that motion.

**BACKGROUND**

Plaintiff Donald Vitoux alleges he suffered severe and permanent injuries after falling on uneven pavement in the parking lot of a Lowe's store. On October 5, 2021, Gallagher filed a motion to compel written discovery responses from Vitoux, arguing that Vitoux's initial responses, particularly concerning his medical history prior to the accident, were incomplete and evasive. [DE 26]. On December 8, 2021, the Court granted the motion in part, ordered Vitoux to provide supplemental written responses, and ordered the parties to meet and confer as to the payment of reasonable expenses for the motion under Federal Rule of Civil Procedure 37. [DE 32]. At a hearing on January 31, 2022, Gallagher indicated that Vitoux had not yet complied with the Court's

order. At that point, Gallagher primarily objected to the fact that Vitoux's answers referred to unspecified "historical surgeries," without explanation, and that Vitoux and counsel had not made a reasonable inquiry to provide further details. Vitoux's counsel stated that his client did not remember the details of the surgeries, and that other than authorizing Gallagher to review his medical records, he was not obliged to make any further inquiry. The parties were unable to resolve their disputes, and Gallagher filed the instant motion seeking $4,366.00 in attorney fees. [DE 43]. Gallagher seeks fees incurred between June 3, 2021, when he began corresponding with opposing counsel about the dispute, through January 31, 2022, when counsel for Gallagher advised the Court that Vitoux had not complied with the Court's order.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(5)(C) provides that if a motion to compel is granted in part, "the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Reasonable expenses are those "incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "In deciding whether to apportion fees, courts consider the relative degree of success of the party seeking fees and the degree to which the objecting party's position was justified." *Marnocha v. City of Elkhart, Indiana*, No. 3:16-CV-592-PPS-JEM, 2019 WL 330913, at *1 (N.D. Ind. Jan. 24, 2019). The Court can also order a party that disobeys a discovery order to pay the "reasonable expenses . . . caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "District courts possess wide latitude in fashioning appropriate sanctions

---

[1] Much of Vitoux's briefing is devoted to arguing why actions he took after January 31 were sufficient to comply with his discovery obligations. [*See* DE 50]. However, Gallagher has not requested fees for expenses incurred after January 31, by which point the motion to compel had already been granted. Even if Vitoux's efforts after January 31 had been sufficient, that would not show that his actions prior to that date were substantially justified.

2

and evaluating the reasonableness of attorney's fees requested." *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

**MOTION TO COMPEL**

Gallagher's motion [DE 26] argued that Vitoux had not provided complete responses to fourteen discovery requests. Several requests required Vitoux to identify details about his injuries and treatment. Vitoux argued that Gallagher had access to his medical records, and that he was not obligated to answer Gallagher's specific questions in full since he had made those records available. [*See, e.g.,* Interrogatories #4, 5, 8, 9, 10]. Other interrogatories asked Vitoux to provide details of the location where the accident occurred, and details of any known complaints about that specific location. Vitoux did not completely respond to these interrogatories, stating that the surveillance video of the incident "speaks for itself." Vitoux referenced "online complaints" about the location but did not identify or explain the specific complaints. [*See, e.g.,* Interrogatories #19, 20, 21, 22, 23, 24].

Essentially, the Court was presented with two questions: (1) whether Vitoux was required to give sworn responses to interrogatories if the content of the responses was available elsewhere, and (2) whether Vitoux was required to investigate his responses beyond simply referring to medical records, videos, or other items already produced. The Court found for Gallagher as to ten of the disputed requests and granted its remaining requests in part. While Vitoux could refer to specific medical records as part of his own sworn responses, he was not permitted to respond to interrogatories by merely stating that he had produced records.[2] The Court emphasized that Gallagher was entitled to sworn responses from Vitoux as to each interrogatory (Fed. R. Civ. P.

---

[2] *See* Advisory Committee Notes to 1980 Amendments to Federal Rule of Civil Procedure 33: "[P]arties upon whom interrogatories are served have occasionally responded by directing the interrogating party to a mass of business records or by offering to make all of their records available, justifying the response by the option provided by this subdivision. Such practices are an abuse of the option."

3

33(b)(5)); therefore, counsel's assertions in briefing that the information could be found elsewhere were not sufficient.

In responding to interrogatories, Vitoux also had to review his own records, including those that he had not produced. "Interrogatories require the responding party to answer to the extent it has knowledge *or* can readily ascertain such knowledge." *Gevas v. Dunlop*, No. 18 C 6556, 2020 WL 814875, at *2 (N.D. Ill. Feb. 19, 2020) (emphasis added). Vitoux was obliged to make a "reasonable inquiry" into the questions, provide "complete and correct" responses, "and by signing the interrogatory responses, [Vitoux] certified that he had done so." *Advanced Magnesium Alloys Corp. v. Dery*, No. 120CV02247RLYMJD, 2021 WL 2915256, at *4 (S.D. Ind. Apr. 19, 2021); *see also Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *2 (N.D. Ill. Apr. 28, 2003); *Smith v. Howe Mil. Sch.*, No. 3:96-CV-790-RM, 1998 WL 175875, at *2 (N.D. Ind. Feb. 27, 1998) ("Defendants are entitled to receive a formal answer to the Interrogatory by Ms. Smith, herself, and they are entitled to an answer under oath, not an unverified representation by her counsel . . . including information available through her attorneys [] or representatives, and any information obtainable by her through reasonable inquiry.").

In the context of this case, Vitoux could not simply point to medical records to answer Gallagher's questions. For example, Interrogatory #5 asked Vitoux to identify contact information for doctors who had treated his injuries, dates of treatment, and the bills he had received. Vitoux responded: "St. Mary Medical Center, ER, Hobart, IN after midnight on 11/17/18. Followed with Dr. Maya, then I rely on the medical records to describe my treatment. I don't recall." [DE 26 at 36]. Even if Vitoux himself did not immediately remember this information, he had an obligation to review (with counsel) his own medical records, bills, explanations of insurance benefits, Social

Security records, and other readily ascertainable information.[3] *See, e.g., Gevas v. Wexford Health Sources*, No. 20 C 50146, 2021 WL 5795308, at *6 (N.D. Ill. Dec. 7, 2021) ("Plaintiff's contention that he need not answer these interrogatories because Defendants already have access to his medical records is incorrect."); *Copeland v. City of Lawton, Okla.*, No. CIV-18-558-PRW, 2019 WL 4131089, at *2 (W.D. Okla. Aug. 29, 2019) ("Defendant asks Plaintiff to identify the amount of medical bills incurred and paid . . . The amount of Plaintiff's own medical bills, and how those medical bills were paid, is information that is immediately available to him."); *Smith*, 1998 WL 175875, at *1 (in response to an interrogatory, plaintiff ordered to make a reasonable inquiry as to the details of a psychological exam from 13 years before, and "state unequivocally and under oath that she has made [the] reasonable inquiry and describe in detail the efforts to obtain information"). The same was true for interrogatories about the location of the accident: Vitoux had to respond and provide detail to the extent it was reasonably available to him, even if that information might be available elsewhere.

**REQUEST FOR FEES**

Vitoux argues that the Court should not award fees because his opposition to the motion was justified. He states that Vitoux's "failing memory makes awarding fees unjust, essentially punishing Vitoux and [counsel] for being infirm." If Vitoux had responded to each question by clearly stating that he could not remember the answers, this argument might have merit. Instead, he provided vague or fragmented responses. [*See*, *e.g.*, DE 26 at 37 (in response to a request to describe his prior injuries in detail: "Social Security Disability since maybe 2013, Munster

---

[3] If Vitoux's position was that despite this reasonable inquiry, he truly could not answer any questions about his medical history beyond pointing to medical records, Gallagher was entitled to receive that in the form of sworn responses. *Johnson v. Stryker Corp.*, No. 3:11-CV-651-J-37MCR, 2012 WL 487443, at *2 (M.D. Fla. Feb. 14, 2012) ("[T]he interrogatory at issue does not ask for documents, it asks for facts. If Plaintiff does not have any facts to support her [response] . . . she must state so."). Nonetheless, Vitoux's counsel made clear that he believed Vitoux did not need to attempt any further inquiry beyond offering to make his medical records available. [*See* DE 27].

5

Community Hospital Neck Surgery 2014. Dr. Chang, 4 years, Dr. Ames, Dr. Maya, Dr. Levin, 2014. Neck surgery, back pain, arthritis, neuropathy. Historical surgeries and stable before injury.")]. Vitoux's uncertain memory only highlights the unreasonableness of the refusal to consult supporting documents to help him respond.

Vitoux argues that he "cooperated in discovery" by "signing every authorization [for medical records] sought." [DE 44 at 1]. As the Court explained, Vitoux had to provide his own responses based on his own review of his records, with counsel's help as appropriate. Gallagher has the right to know if Vitoux plans to argue that the records do not fully reflect his claimed injuries. There may be omissions from the records provided, or the records may conflict with each other. In fact, that exact scenario unfolded in this case: Vitoux initially claimed that Gallagher could "learn Vitoux's [medical] history from [] 39 pages of records" [DE 27 at 2], but Defendants found that those records contained references to other medical records, which contradicted the original records. "It was not [Vitoux's] option to simply react to [Defendants'] fortuitous discovery of the existence of relevant documents by making disjointed searches, each time coming up with a few more documents, and each time representing that that was all [he] had." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 935 (N.D. Ill. 2021) (*quoting Tarlton v. Cumberland Cty. Corr. Facility*, 192 F.R.D. 165, 170 (D. N.J. 2000)).

The Court notes that many of Vitoux's objections to the requests, in addition to being legally deficient, were unreasonable on their face. For example, Gallagher's Interrogatory #4 asked Vitoux to list and describe all injuries he suffered from the incident, and Vitoux declined to respond. In response to the motion to compel, he stated that the answer to that interrogatory was contained in other responses, and that Gallagher should have inferred that from "reading the complete answers." [DE 27 at 1-2]. But since Vitoux failed to respond to the interrogatory, it was

far from clear that everything responsive had been addressed elsewhere. *Gevas*, 2021 WL 5795308 at *5 ("Plaintiff is not excused from fully responding to Defendants' interrogatories simply because his answers to some interrogatories may require him to state similar or the same information."). And as the Court explained, interrogatories need to be answered with sworn responses, not post-hoc statements in briefing by counsel. Similar issues were prevalent throughout Vitoux's discovery responses. [*See* DE 26 at 35-41].

Gallagher's fee request incorporates time spent after the motion to compel was granted, between December 7, 2021 and January 31, 2022, to address Vitoux's non-compliance with the Court's order. Although it is unclear whether those expenses would be "incurred in making the motion" for purposes of Rule 37(a)(5)(C), the Court finds that payment of those expenses is an appropriate sanction under Rule 37(b)(2)(C), for Vitoux's violation of the Court's December 8, 2021 order [DE 32]. While the record indicates that Vitoux supplemented his written responses prior to January 31, those responses clearly did not comply with the Court's order. [*See* DE 33, 46-1]. At the January 31 hearing, Vitoux's counsel confirmed his position that, despite the Court's order resolving this question, he did not need to make any further inquiries for the interrogatory responses, because Vitoux satisfied his discovery obligations by producing records. The Court set a deadline of February 24, 2022, for Vitoux to file a brief with any authority supporting that position, but Vitoux declined to do so. Under those circumstances, the Court cannot say that Vitoux's position was substantially justified, or that it would be unjust for Vitoux or his counsel to pay Gallagher's reasonable expenses.

Ultimately, Gallagher seeks 23.6 attorney hours, billed at a rate of $185.00 per hour. "[W]here, as here, attorneys provide the rates actually billed, the burden shifts to the party opposing the fee award to demonstrate why a lower rate should be awarded." *Zimmer, Inc. v.*

*Beamalloy Reconstructive Med. Prod., LLC*, No. 1:16-CV-00355-HAB-SLC, 2019 WL 2635944, at *7 (N.D. Ind. June 27, 2019) (citing *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007)). Vitoux does not object to the rate or the number of hours sought, and the Court finds that both are reasonable for the work performed.

## CONCLUSION

Accordingly, the Court **GRANTS** the Motion for Sanctions and Costs [DE 43] and **ORDERS** Vitoux or his attorney[4] to reimburse Gallagher in the sum of $4,366.00 in attorney fees by **April 21, 2023**.

So ORDERED this 21st day of March, 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

---

[4] *See* Fed. R. Civ. P. 37(a)(5)(A), 37(b)(2)(C) (directing that expenses be paid by the party who disobeyed the order or whose conduct necessitated the motion, the attorney advising that conduct, or both).